```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
                                        :
UNITED STATES OF AMERICA,
                                        :
        v.
                                        :   99-CR-2-A
                                            99-CR-87-A
LEANDER ROSE,                           :

                Defendant.              :
```

**RESPONSE TO MOTION UNDER 18 U.S.C. §3582(c)(2)**

**Preliminary Statement**

The government makes this submission pursuant to this Court's Sua Sponte Motion and Order, issued pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses.

For the reasons set forth below, defendant may be entitled to a sentence reduction and, if so, only to the extent specified herein.

**Procedural Background**

On June 15, 1999, the defendant pled guilty to Count 8 of Indictment 99-CR-2-A which charged him with distribution of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1).  This charge carried a mandatory minimum term of imprisonment of 10 years and a maximum possible sentence of life imprisonment pursuant to Title 21, United States Code, Section 841(b)(1)(A).  The defendant also pled guilty to a two count information in 99-CR-87-A which charged him in Count 1 with possession of cocaine base with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), and in Count 2 with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).  The charge in Count 1 of the Information in 99-CR-87-A also carried a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life pursuant to Title 21, United States Code, Section 841(b)(1)(A).

As set forth in ¶2 of the defendant's plea agreement, the government agreed to not file an information pursuant to Title 21, United States Code, Section 851, alleging the defendant's prior drug felony convictions as the basis for enhancing the statutory penalties otherwise applicable to him pursuant to Title

21, United States Code, Section 841(b)(1)(A).  As set forth in ¶¶32 and 34 of the defendant's presentence report, at the time the defendant pled guilty, he had two prior drug felony convictions.  If an information pursuant to §851 had been filed by the government alleging both prior convictions, then, pursuant to §841(b)(1)(A), the defendant would have been facing a mandatory term of life imprisonment on both Count 8 of 99-CR-2-A and Count 1 of 99-CR-87-A.

As calculated in ¶39 of the defendant's presentence report, with a total offense level of 39 and criminal history category of III, the defendant's sentencing range under the Guidelines was 324 to 405 months imprisonment.  Prior to sentencing, the government filed a motion pursuant to Guidelines §5K1.1 for a downward departure from this sentencing range in order to reflect the defendant's assistance to the government.  The government's motion recommended a 7 level downward departure to a total offense level of 32 and sentencing range of 151 to 188 months imprisonment.

The defendant was sentenced on June 18, 2002.  Prior to imposing sentencing, the Court granted the government's motion pursuant to §5K1.1 and reduced the defendant's total offense level to 32.  The Court thereafter sentenced the defendant

principally to a term of imprisonment of 151 months and a term of supervised release of 5 years.  The defendant is currently serving this sentence of imprisonment.  The government has been informed that the defendant's projected release date from the Bureau of Prisons is December 24, 2009.

### Background of the Amendment

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[1]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

4

while still reducing the offense levels for crack offenses. See USSG, App. C, Amend. 706.[2]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving 5 grams or more of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

---

[2] The Supreme Court recently held in Kimbrough v. United States, ____ U.S. ____, 2007 WL 4292040 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a section 3582(c)(2) reduction based on a specific guideline amendment.

5

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to
> a term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of
> the defendant or the Director of the Bureau of Prisons,
> or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth
> in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing
> Commission.

In USSG § 1B1.10, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to

this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[3]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10, which becomes effective on March 3, 2008, provides, in relevant part:

(a)  Authority.–

    (1)  In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

    (2)  Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

---

[3] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

  (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment -

  (1) <u>In General</u> - In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

  (2) <u>Limitations and Prohibition on Extent of Reduction</u>

    (A) <u>In General</u> - Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1).

    (B) <u>Exception</u> - If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220

8

>               (2005), a further reduction generally would
>               not be appropriate.
>
>       (C)   <u>Prohibition</u> - In no event may the reduced
>             term of imprisonment be less than the term of
>             imprisonment the defendant has already
>             served.

## **Argument**

The government concedes that Amendment 706 reduced the guideline range applicable in this case, and therefore the Court may consider whether to reduce the defendant's sentence. Specifically, the base offense level in this case is now 36, pursuant to amended Section 2D1.1; and when combined with the other guideline applications made earlier, the total offense level is 37. At the established criminal history category of III, this would result in a sentencing range of 262 to 327 months. This is a reduction from the previously applied range of 324 to 405 months.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in

9

section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, while an amendment specified in USSG § 1B1.10 may authorize this Court to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), it does not require it. United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[4]

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, comment. (n. 1(B)(I); see also USSG § 1B1.10, backg'd ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

10

in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. <u>United States v. Whitebird</u>, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); <u>United States v. Ursery</u>, 109 F.3d 1129, 1137 (6th Cir. 1997); <u>United States v. Coohey</u>, 11 F.3d 97, 101 (8th Cir. 1993); <u>United States v. Wales</u>, 977 F.2d 1323, 1327-28 (9th Cir. 1992); <u>United States v. Mueller</u>, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading section 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760.  First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed.  All other

guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) to Section 1B1.10 directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a

12

sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced.  <u>See</u> 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  USSG § 1B1.10(b)(2)(A).  An application note adds:  "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)."

USSG § 1B1.10, comment., n.3.  Thus, this Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." Id.

Further, in this case, in determining the extent to which the sentence may be reduced, the Court may take into account the fact that the defendant previously received a downward departure from the then-applicable guideline range.  As set forth above, prior to imposing sentence on the defendant, the Court granted the government's motion for a 7 level downward departure pursuant to Guidelines §5K1.1, thereby reducing the defendant's total offense level to 32 with a resulting sentencing range of 151 to 188 months.  The Court also sentenced the defendant at the low end of this range, to a term of imprisonment of 151 months.

In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated:  "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. . . ." U.S.S.G. § 1B1.10(b)(2)(B) app. note 3.

Accordingly, in this case, the government submits that as the defendant's base offense level under the amended Guideline is 2 levels lower than the base offense level applied at the time of sentencing, a corresponding reduction of 2 levels would be the limit of the reduction in this action. As calculated by the Probation Department, the 2 level reduction would yield a total offense level of 30 and sentencing range of 121 to 151 months imprisonment.

Prior to determining whether to reduce the defendant's sentence of imprisonment, the government submits that it is appropriate for the Court to consider that, at the time of sentencing, the defendant received substantial benefits by the government's agreement to not file an information pursuant to Title 21, United States Code, Section 851 (which would have resulted in a mandatory term of life imprisonment for the defendant absent a substantial assistance motion), and that the defendant received a departure of 7 levels pursuant to Guidelines §5K1.1.

**Proper Procedure for Reducing Sentence**

**The Court May Not Order the Release of the Defendant Prior to March 3, 2008.**

The effective date of the Sentencing Commission's action making the crack cocaine amendments retroactive is March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date. Should the Court consider the defendant's Section 3582(c)(2) motion before that date, and should the Court exercise its discretion to reduce the defendant's sentence to time served, it should indicate on the order granting relief that the order will take effect on March 3, 2008, and that the defendant may not be released prior to that date. As explained above, Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a guideline reduction, and no court may alter an otherwise final sentence on the basis of such a retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997). The Sentencing Commission has not permitted a reduction to a crack cocaine sentence prior to March 3, 2008, and therefore the courts are without authority to apply the amendments as retroactive

before that date.  Absent permission from the Commission, the Court may not release the defendant at this time.[5]

## Conclusion

For all the reasons stated above, the government submits that any reduction in the defendant's term of imprisonment be determined in accordance with the above.

DATED:  Buffalo, New York, February 15, 2008.

TERRANCE P. FLYNN
United States Attorney

BY:    s/JOSEPH M. GUERRA, III
       Assistant U.S. Attorney
       U.S. Attorney's Office
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5824
       Joseph.M.Guerra@usdoj.gov

TO: Michael M. Blotnik, Esq.
    United States Probation Department
        Attn: USPO Michael J. Quarantillo

---

[5] The Sentencing Commission so acted given the enormous burdens that retroactive application of the crack cocaine amendments, in tens of thousands of cases, will impose on the courts, prison officials, probation officers, prosecutors, and others. The delayed implementation of retroactivity permits all officials to assure the orderly handling of these many cases and prisoners.  Delayed implementation also allows for Congressional review of the Commission's decision and Congress may choose to reject or alter the Commission's decision.

```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
|  | : |
| -v- | : 99-CR-2-A |
|  | : 99-CR-87-A |
| LEANDER ROSE, | : |
| Defendant. | : |

CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2008, I electronically filed the foregoing **RESPONSE TO MOTION UNDER 18 U.S.C. §3582(c)(2)** with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following CM/ECF participants on this case:

Michael M. Blotnik, Esq.
300 Delaware Avenue
Buffalo, New York 14202

United States Probation & Parole
68 Court Street, Room 234
Buffalo, New York  14202
Attn:  USPO Michael J. Quarantillo

                                        s/KAREN S. BARONE